1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFI HAROUTOUNIAN, | NO. CV 09-06591 GHK (SSx) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER RE: PARTIES'** |
| JP MORGAN CHASE BANK, formerly known as Washington Mutual Bank, | **STIPULATED PROTECTIVE ORDER** |
| Defendant. | |

The Court has received and considered the parties' proposed Stipulated Protective Order (the "Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful and specific fashion (for example, "personnel records," "medical records," or "financial information," etc.). It is not sufficient to define the scope of the Protective Order as applying to "any Disclosure or Discovery Material that is designated as

'Confidential' . . . [and] any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material." (Protective Order at 3).

Second, the Court cannot agree to the procedure the parties propose for resolving discovery disputes. (Protective Order at 6-7). Discovery disputes may only be resolved pursuant to the Central District's Local Rule 37. The Court expects strict compliance with Local Rule 37.

Third, the Court cannot agree to the procedure the parties propose for the filing of "Protected Material" "in the public record." (Protective Order at 10). The filing and disclosure of confidential court records must comply with the Central District's Local Rule 79-5.

Finally, the proposed Protective Order fails to include any statement(s) establishing the requisite good cause. Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (court's protective order analysis requires examination of good cause) (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002); San Jose Mercury News, Inc. v. United States Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999); Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.), cert. denied, 506 U.S. 868, 113 S. Ct. 197, 121 L. Ed. 2d 140 (1992)).

The Court may only enter a protective order upon a showing of good cause. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176

1  (9th Cir. 2006) (parties must make a "particularized showing" under Rule
2  26(c)'s good cause showing for court to enter protective order);
3  <u>Phillips</u>, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good
4  cause for a protective order);  <u>Makar-Wellbon v. Sony Electrics, Inc.</u>,
5  187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
6  require good cause showing).

7

8      The parties' stipulation fails to include any statement to
9  demonstrate good cause for entering the protective order.   In any
10 revised stipulated protective order submitted to the Court, the parties
11 must include a statement demonstrating good cause for entry of a
12 protective order pertaining to the documents or information described
13 in the order.   The paragraph containing the statement of good cause
14 should be preceded by a heading stating: "GOOD CAUSE STATEMENT."

15

16      The parties may submit a revised Stipulation and [Proposed]
17 Protective Order for the Court's consideration.

18

19      The Court reminds the parties that all discovery matters are
20 referred to the undersigned United States Magistrate Judge. (<u>See</u> Sept.
21 14, 2009 Order Re: Case Management at 4).  All future discovery
22 \\
23 \\
24 \\
25 \\
26 \\
27 \\
28 \\

documents filed with the Court shall include the following in the caption: "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

      IT IS SO ORDERED.


DATED: June 16, 2010                        /S/
                                    _____

                                    SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE